IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| TYRONNE BRASS AND ANDREA BRASS, TYALIZE BRASS, ANDRE BRASS AND TYRONNE BRASS, JR., § § § § Plaintiffs, § § v. § § CONOCOPHILLIPS, INC., § § Defendant. § | § § § § § § § CIVIL ACTION NO. G-05-583 § § § § |

## ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE

This case arises out of injuries sustained by Tyronne Brass ("Plaintiff") while employed by Gulf Services to work at ConocoPhillips, Inc.'s ("Defendant") facility in Westlake, Louisiana. Now before the Court comes Defendant's Motion to Transfer Venue to the Western District of Louisiana, Lake Charles Division. For the reasons stated below, while presenting a close call, Defendant's Motion is **DENIED**.[1]

### I. Background

Plaintiff, a resident of Sulphur, Louisiana, worked for Gulf Services. Defendant had subcontracted with Gulf Services to clean one of the sumps at its facility located in Westlake, Louisiana. On August 3, 2004, Defendant issued a "cold work permit" to clean the sump, which meant

---

[1]The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

-1-

that Plaintiff would not be exposed to toxic chemicals while cleaning the sumps. As a result, Plaintiff did not take safety precautions. Plaintiff alleges that during the cleanup he was exposed to toxic chemicals. He claims that he complained of strong odors, headaches, shortness of breath and chest pains, but despite these complaints he was forced to finish the job before he was allowed to go to the hospital. He has brought suit against Defendant for its negligence in failing to provide him with proper safety gear.

## II. Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395–96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

**III. Analysis**

*A. Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their testimony. *See id.* (citing *Dupre*, 810 F. Supp. at 825). "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.*

Defendants argue that the availability and convenience of key witnesses would be increased by transfer to the Western District of Louisiana. To support this argument, Defendants have identified several key witnesses, all of whom reside within the Western District of Louisiana. These witnesses include all of Plaintiff's initial treating physicians, Plaintiff, Plaintiff's spouse, and Todd Harris, a fact witness. In Response, Plaintiffs argue that the key liability witnesses are all Defendant's employees, so they can be compelled to attend trial. *See Lajaunie v. L & M Bo-Truc Rental, Inc.*, 261 F. Supp. 2d 751, 754 (S.D. Tex. 2003) (finding that defendants can compel the attendance at trial of their own employees so the availability and convenience of such potential witnesses is given less weight). Plaintiff also points out that his current treating physicians reside in this District and California, and that his economist resides in this District. Plaintiff can compel his economist, who will provide expert testimony on damages, to attend trial. Plaintiff will, however, likely encounter significant expense and inconvenience in even trying to compel his current treating physicians to attend trial. The remaining witnesses that have been clearly identified by the Parties that cannot be compelled are the

initial treating physicians, but their testimony will be at best inconclusive and can easily be preserved by other means.

Defendant therefore has not shown that the availability and convenience of witnesses will be increased or that their expense will be lessened if this case were transferred to the Western District of Louisiana. This factor weighs against transfer.

*B. Cost of Obtaining the Attendance of Witnesses and Other Trial Expenses*

Parties to litigation face unavoidable costs in almost every case that goes to trial. *See Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1108 (S.D. Tex. 1997). Furthermore, it is "rare that the forum in which the case is litigated is the most convenient or least costly for all the parties involved." *Id.* In this case, Defendant has shown that many of the witnesses reside in the Western District of Louisiana, closer to Lake Charles, Louisiana, than to Galveston, Texas, but the expenses of trial here will likely be the same as they would be in Lake Charles. This factor weighs in favor of retention.

*C. Location of Books and Records*

The location of books and records is generally of little importance in a personal injury case. Neither Defendant nor Plaintiff has given the Court any indication that the records in question are so voluminous that either would incur substantial cost in transporting them to this Court. *See LeBouef*, 20 F. Supp. 2d at 1060. This factor does not weigh for or against transfer.

*D. Plaintiff's Choice of Forum*

Plaintiff's choice of forum is generally entitled to great deference, but the choice of forum is entitled to less deference when the plaintiff does not live in the forum. *See, e.g.*, *Robertson*, 979 F. Supp. at 1109 (finding that a Mississippi plaintiff's choice of the Southern District of Texas was entitled to little or no deference where the case had no connection to the forum). Plaintiff is a resident

of Sulphur, Louisiana, but Defendant is headquartered within this District. Therefore, this case has some connection to this forum, and so long as there is some type of connection to this forum, Plaintiff is entitled to deference in his choice of forum. This factor weighs slightly against transfer.

*E. Place of the Alleged Wrong*

The place of the alleged wrong is one of the more important factors in venue determinations. *See Lemery v. Ford Motor Co.*, 244 F. Supp. 2d 720, 733 (S.D. Tex. 2002); *Robertson*, 979 F. Supp. at 1106. The alleged wrong took place at Defendant's facility in Westlake, Louisiana, which is located in the Western District of Louisiana. This factor weighs in favor of transfer.

*F. Potential for Delay and Prejudice*

Any transfer will produce some delay, and as such, Plaintiff must show that a transfer at this stage of the proceedings would cause a significant or unusual delay. *See In Re: Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2002) ("[I]n rare and special circumstances a factor of 'delay' or 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence."). Defendants in this case sought transfer before a trial date was set. Defendants argue that there is no clear and convincing evidence suggesting that transferring the case would cause significant delay or prejudice. Plaintiff argues that he and his family have suffered serious and devastating injuries that require prompt resolution, and that if this case is transferred, it will move to the "back of the line" and lose the benefit of this Court's tendency to resolve cases in a prompt manner in comparison to other federal district courts. In addition, Plaintiff argues that the Louisiana courts have yet to recover from Hurricanes Katrina and Rita, and that the transfer of this case would unduly burden the Western District of Louisiana.

This Court is undoubtedly concerned with the impact that recent events have had on our sister courts in Louisiana. However, the Western District of Louisiana is running at its normal pace and

schedule. The Court appreciates Plaintiff's desire to remain in this forum, but he has failed to demonstrate that transfer at this stage of the proceedings would cause significant delay or prejudice. This factor supports transfer.

**IV. Conclusion**

After examining the excellent briefs of both sides, and relevant venue factors, coupled with the specific facts of this lawsuit, the Court concludes that Defendant, while presenting a close question, has not carried its burden of demonstrating that transferring this case to the Lake Charles Division of the Western District of Louisiana would increase the convenience of all involved, and that transfer would be in the interests of justice. For these reasons, and those outlined above, Defendant's Motion to Transfer Venue is respectfully **DENIED**. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 7th day of February, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge